LYDIA MAYO *v.* S. W. FERGUSON ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—687.]

**Wife's Support.**

It is the duty of a husband to support his wife and family. The claim of the wife on the husband ·for her support is as sacred, at least, as that of creditors; and the fact that the wife is made a feme sole does not release the husband from his obligation to support her.

APPEAL FROM FLOYD CIRCUIT COURT.

March 4, 1882.

OPINION BY JUDGE PRYOR:

The appellees' own testimony in this case conduces to show that the claim of the husband, or a part of it, was appropriated by the sheriff on the order of the husband or wife, or both, to the payment of certain debts. The husband owned no˙ estate and was as much compelled to contribute to the support of himself and wife as the latter was to maintain him. The amount garnisheed ¡in this case, as far as appears from the record, is

all that the husband had to contribute; and when reaching the hands of the wife, neither a court of law nor equity will compel her to support the husband and refund to his creditors any reasonable sum that may have been paid to her by the husband as his part of the common fund for the support of the family. There is nothing unreasonable in this transaction, and the claim of the wife on the husband, certainly in equity, for her support is as sacred as the claims of creditors. Because the wife is made a feme sole does not release the husband from his obligation to support her and place the entire burden on the wife, and when giving to her a reasonable sum of money for the support of the family, himself included, the chancellor will not subject the wife's estate at the instance of his creditors for the payment of the husband's debts.

The husband, it is true, can not vest his property or his money in the wife with a view of defrauding his creditors; but in this case the allowance made or to be made by the county court was beyond the reach of creditors until invested by the husband in other estate, if at the time he was county judge, and if not, when paid to the wife for the maintenance of the family or even the support of the husband, the chancellor will not seize her estate for creditors. He has only done that which in law and equity he was compelled to do, and when assigning to her two or three hundred dollars in his claims allowed him as judge, or in paying to her the money for their common support, the chancellor will secure the wife instead of taking it from her for the benefit of others. There is nothing improper or unreasonable in this action on the part of the husband, and certainly no fraud practiced on creditors, upon such a state of facts. This leaves out of view the right of the creditor to attach the fund in a case like this when in the hands of others who are not creditors or have no claims upon the husband for support and maintenance; it is not necessary to decide the question.

Judgment *reversed* and cause remanded with directions to dismiss the petition.

*William Lindsay, for appellant.*

*W. H. Holt, R. H. Weddington, for appellees.*